UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60051-CIV-COHN/SELTZER

BASIL HYLTON,

    Plaintiff,

vs.

KAUFMAN LYNN CONSTRUCTION, INC.,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S
## MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

**THIS CAUSE** is before the Court on Defendant Kaufman Lynn Construction, Inc.'s Motion to Dismiss [DE 17] ("Motion") Plaintiff Basil Hylton's Third Amended Complaint [DE 10]. The Court has carefully considered the Motion, Plaintiff's Response in Opposition [DE 19], Defendant's Reply [DE 20], and is otherwise fully advised in the premises. For the reasons below, the Motion is granted.

**I. BACKGROUND**

This is Plaintiff's second lawsuit relating to his employment with Defendant. Defendant employed Plaintiff as a Construction Manager starting in May 2007. See 3d Am. Cmpt. [DE 10] ¶ 17. Defendant, however, terminated Plaintiff's employment only five months later in September 2007. Id. ¶ 20.

    **A. "*Hylton I*"**

Plaintiff, a self-described black Jamaican, believes he was fired because of his race and national origin. Accordingly, on January 27, 2010, Plaintiff sued Defendant in this Court for race and national origin discrimination under 42 U.S.C. § 1981 (Count I)

1

and the Florida Civil Rights Act ("FCRA") (Count II), Fla. Stat. § 760.01, *et seq.* See Hylton v. Kaufman Lynn, Inc., et al.("*Hylton I*"), No. 10-CV-60129-JIC (S.D. Fla. Jan. 27, 2010).  Defendant then moved to dismiss Plaintiff's complaint.  Id. at DE 22.  When Plaintiff did not file an opposition to Defendant's motion, the Court ordered Plaintiff to show cause no later than May 20, 2010, why Defendant's motion should not be granted by default.  Id. at DE 24.  But Plaintiff failed to do so.  Thus, as warned, the Court granted Defendant's motion by default and dismissed Plaintiff's complaint on May 21, 2010.  Id. at DE 25.

### B.  "*Hylton II*"

On August 2, 2010, Plaintiff once again sued Defendant for race and national origin discrimination under the FCRA, but this time in Broward County state court.  See DE 1-1 at 30.  After the state court granted Defendant's motion to dismiss, Plaintiff filed an Amended Complaint, asserting discrimination claims under both the FCRA and the Broward County Human Rights Act.  See id. at 18, 23.  Defendant then filed a motion to dismiss the Amended Complaint, which the state court granted.  Id. at 9.

In response, on December 19, 2013, Plaintiff filed a Second Amended Complaint, asserting a single claim for race discrimination under 42 U.S.C. § 1981.  Id. at 2.  Defendant subsequently removed Plaintiff's case to this Court.  See DE 1. Defendant then moved to dismiss Plaintiff's Second Amended Complaint.  See DE 5.

Instead of filing a response to Defendant's motion, Plaintiff filed a Third Amended Complaint.  See DE 10.  Plaintiff alleged claims for race discrimination under the FCRA (Count I), breach of the parties' employment agreement (Count II), and "unjust enrichment/quantum meruit" (Count III).  Id.  Notably, Plaintiff dropped his sole federal

claim and replaced it with three state law claims.

Defendant now moves to dismiss Plaintiff's Third Amended Complaint. Defendant argues that Plaintiff's claims are barred by the doctrine of *res judicata* or, alternatively, the applicable statutes of limitations. In response, Plaintiff does not address either argument. Instead, he merely contends that, because he voluntarily dropped his sole federal claim, the Court should decline to exercise supplemental jurisdiction over his new state law claims and remand this case back to the state court.

## II. DISCUSSION

### A. Subject-Matter Jurisdiction.

At the outset, the Court addresses whether it has subject-matter jurisdiction over Plaintiff's new state law claims. Where a state court case is removed to federal court, as here, the Court must look to the complaint at the time of removal to determine if it has subject-matter jurisdiction. Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241, 1244 n.2 (11th Cir. 2007). Here, Plaintiff's complaint at the time of removal contained a federal race discrimination claim under 42 U.S.C. § 1981. See 2d Am. Cmpt. [DE 1-1] at 3. The Court, therefore, has federal question jurisdiction in this case. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Moreover, the fact that Plaintiff has since amended his complaint to drop his sole federal claim does not divest the Court of jurisdiction to adjudicate this case. As the Eleventh Circuit has explained, because the Court must look to the complaint at the time of removal in determining subject-matter jurisdiction in removal cases, "[l]ater changes to the pleadings do not impact the court's exercise of supplemental

jurisdiction." Pintando, 501 F.3d at 1244 n.2; see also Rockwell Int'l Corp. v. United States, 549 U.S. 457, 474 n.6 (2007) ("It is true that, when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction.") (citations omitted).  Therefore, even though Plaintiff has dropped his federal claim, the Court still has supplemental jurisdiction over Plaintiff's new state law claims.

### B. *Res Judicata*.

In *Hylton I*, this Court dismissed Plaintiff's race and national origin discrimination claims arising out of Plaintiff's employment and termination by Defendant.  See Hylton I, No. 10-CV-60129-JIC at DE 25.  Defendant thus argues that because Plaintiff's state law claims in this case (*Hylton* II) arise out of the same employment and termination, Plaintiff's claims are barred by the doctrine of *res judicata*.  The Court agrees.

"The doctrine of *res judicata*, or claim preclusion, bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties." Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 892 (11th Cir. 2010).  The party asserting the doctrine must show that: "(1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003) (internal quotation marks omitted).  To begin, there is no dispute that the prior decision was rendered by a court of competent jurisdiction or that the parties were identical in both suits.  Thus, the first and third elements are satisfied.

4

Turning to the second element, the issue is whether the Court's prior dismissal order constitutes "a final judgment on the merits."  Davila, 326 F.3d at 1187.  Under Federal Rule of Civil Procedure 41(b), "[u]nless the dismissal order states otherwise," the dismissal order "operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).  Thus, although the Court's prior dismissal order did not include the words "with prejudice," the dismissal order was a final adjudication on the merits.  See Davis v. Davis, No. 13-10903, 2014 WL 67668, at *3 (11th Cir. Jan. 9, 2014) ("Even without the words 'with prejudice,' the dismissal order was, in fact, an adjudication on the merits.").

Finally, the fourth element concerns whether "the prior and present causes of action are the same."  Davila, 326 F.3d at 1187.  Two actions are the same if they "arise 'out of the same nucleus of operative fact[s], or [are] based upon the same factual predicate.'"  Id. (citations omitted).  This element is easily met here, as both *Hylton I* and *Hylton II* arose out of the same nucleus of operative facts.  Indeed, both cases arose out of Plaintiff's five-month stint of employment with Defendant in 2007 and his subsequent termination.  Moreover, this conclusion is not altered by the fact that Plaintiff asserts new state law claims for breach of contract and unjust enrichment in this case, because *res judicata* not only bars claims that were previously litigated, but also claims that "could have been" litigated.  Lobo, 704 F.3d at 892; see also Wesch v. Folsom, 6 F.3d 1465, 1471 (11th Cir.1993) ("*Res judicata* applies not only to the exact legal theories advanced in the prior case, but to all legal theories and claims arising out of the same nucleus of operative facts.").

In sum, the Court concludes that the doctrine of *res judicata* bars Plaintiff's claims in this case as a matter of law.  Given this conclusion, the Court need not

address Defendant's alternative argument that Plaintiff's claims are also barred by the applicable statutes of limitations.

## III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

(1) Defendant Kaufman Lynn Construction, Inc.'s Motion to Dismiss [DE 17] is **GRANTED**;

(2) Plaintiff Basil Hylton's Third Amended Complaint [DE 10] is **DISMISSED with prejudice**; and

(3) The Clerk of Court is directed to **CLOSE** this case and **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of April, 2014.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.